IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SAMUEL SCOTT KING, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-1906 |
| | § | |
| SERGEANT VILLANUEVA, | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Samuel Scott King, proceeding *pro se* and *in forma pauperis*, filed this lawsuit under 42 U.S.C. § 1983 alleging violation of his civil rights. At the time plaintiff filed his complaint, he was in custody of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ). On June 5, 2006, June 12, 2006, and June 14, 2006, the Court sent various notices and orders to plaintiff at his address of record at TDCJ. Between June 14, 2006, and June 26, 2006, all of the notices and orders were returned to the Court, marked as "Return to Sender; Released."

On July 10, 2006, the Court sent an order to plaintiff by certified mail, return receipt requested, at the following unknown address appearing on an envelope sent by plaintiff with his original complaint: 6011 Winstead, Houston, Texas 77396. The return receipt card was returned to the Court on July 12, 2006, signed for by "Suzanne Guebarra."

Plaintiff has not provided the Court with a change of address, as required by Rule 83.4 of the Local Rules for the United States District Court for the Southern District of

Texas, Houston Division. Under that rule, a *pro se* litigant is responsible for keeping the Court advised in writing of his current address. The Court will only send notices to the address on file. A reasonable time has expired since plaintiff was released from custody, and he has yet to provide an accurate, current mailing address. His failure to pursue this action forces the Court to conclude that he lacks due diligence. Therefore, under the inherent powers necessarily vested in a court to manage its own affairs, this Court determines that dismissal for want of prosecution is appropriate. *See* FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030 (5th Cir. 1998) (noting that a district court may *sua sponte* dismiss an action for failure to prosecute or to comply with any court order). Plaintiff is advised, however, that upon a proper showing, relief from this order may be granted in accordance with Rule 60(b) of the Federal Rules of Civil Procedure.

Accordingly, it is **ORDERED** that this action be **DISMISSED** without prejudice for want of prosecution. All pending motions are **DENIED** as moot.

Signed at Houston, Texas, on August 15, 2006.

_____
Gray H. Miller
United States District Judge